IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

SCOTT CLEARY,

                    Plaintiff,

   v.                                                    Civil Action No.
                                                            3:16-CV-1315 (MAD/DEP)

LEVI STRAUSS,

                    Defendant.

---

APPEARANCES:                                    OF COUNSEL:

FOR PLAINTIFF:

SCOTT CLEARY, *Pro se*
80 Pratt Ave.
Johnson City, NY 13790

FOR DEFENDANT:

[NONE]


DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

REPORT, RECOMMENDATION, AND ORDER

   *Pro se* plaintiff Scott Clearly has commenced this action by the filing

of a series of documents that do not clearly disclose a basis for a

cognizable cause of action. For the reasons set forth below, plaintiff's

application to proceed in the action *in forma pauperis* ("IFP") is granted,

but I recommend that his complaint be dismissed with leave to amend.

I.      BACKGROUND

Plaintiff initiated this action on November 3, 2016, with the filing of

several documents, none of which are clearly identified as a complaint, as

well as an application to proceed in the case IFP. Dkt. Nos. 1, 2. The

documents submitted by plaintiff include (1) a letter addressed to the "San

Juan Star"; (2) a copy of the first page of U.S. Patent No. 6,374,421; (3) an

advertisement; (4) a news article; (5) a letter addressed to plaintiff from a

consumer relations specialist at defendant Levi Strauss; (6) a letter

addressed to plaintiff from then-New York Senator Hillary Clinton; and (7)

copies of postal mail receipts. Dkt. No. 1 at 1-10. Generally, the contents

of the documents submitted by plaintiff relate to what appears to be his

allegation that defendant Levi Strauss "stole" his patent, identified as

"Trouser Safety Pocket – Patent# US 6,374,421," in or about August 2001.

*Id.* at 1. Plaintiff also appears to complain of mail tampering. *Id.* Few

additional details regarding either allegation are included in the

documents.

II.    DISCUSSION

   A.    Plaintiff's IFP Application

When a civil action is commenced in a federal district court, the

statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C.

§ 1914(a).[1] A court is authorized, however, to permit a litigant to proceed

*in forma pauperis* if it determines that he is unable to pay the required

filing fee. 28 U.S.C. § 1915(a)(1). Because I conclude that plaintiff meets

the requirements for IFP status, his application for leave to proceed

without prepayment of fees is granted.[2]

   B.    Analysis of Plaintiff's Submissions

      1.    Standard of Review

Because I have found that plaintiff meets the financial criteria for

commencing this case IFP, I must next consider the sufficiency of the

claims set forth in the complaint in this action in light of 28 U.S.C. §

---

[1]    The language of that section is ambiguous, in that it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). Courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

[2]    Plaintiff is reminded that, although his IFP application has been granted, he will still be required to pay fees that he incurs in this action, including copying and/or witness fees.

1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed

IFP, "the court shall dismiss the case at any time if the court determines

that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim

on which relief may be granted; or (iii) seeks monetary relief against a

defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In

deciding whether a complaint states a colorable claim, a court must extend

a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*,

912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should

be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before

the adverse party has been served and the parties have had an

opportunity to address the sufficiency of plaintiff's allegations, *Anderson v.

Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). The court, however, also has an

overarching obligation to determine that a claim is not legally frivolous

before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g.,

Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d

Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous

complaint, notwithstanding the fact that the plaintiff paid the statutory filing

fee). "Legal frivolity . . . occurs where 'the claim is based on an

indisputably meritless legal theory [such as] when either the claim lacks an

arguable basis in law, or a dispositive defense clearly exists on the face of

4

the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at \*2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for the purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under section 1915(e), the court is guided by applicable requirements of the Federal Rules of Civil Procedure. Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, J.) (quotation marks and italics omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations of a complaint in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## 2. <u>Analysis</u>

None of plaintiff's submissions satisfy either the minimal pleading requirements of Rule 8 of the Federal Rules of Civil Procedure[3] or those pleading requirements articulated by the Supreme Court in *Twombly*. As was noted above, plaintiff's submissions in this case provide no clear legal basis upon which he asserts a cause of action. *See generally* Dkt. No. 1. Indeed, plaintiff neither filed a complaint nor distinctly asserted any legal claim in any of his filings submitted at the time he commenced this action. *Id.* Even liberally construing the documents now before the court, it is, at best, unclear what claims plaintiff seeks to assert in this action or what type of relief he requests. Accordingly, I recommend that plaintiff's complaint be dismissed.

---

[3]     Although it was mentioned above, Rule 8 provides as follows with respect to pleadings intended to state a claim for relief:

> (a) Claim for Relief. A pleading that states a claim for relief
> must contain:
>> (1) a short and plaint statement of the grounds for the
>> court's jurisdiction, unless the court already has
>> jurisdiction and the claim needs no new jurisdictional
>> support;
>> (2) a short and plain statement of the claim showing
>> that the pleader is entitled to relief; and
>> (3) a demand for the relief sought, which may include
>> relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

C.    Whether to Permit Amendment

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."); *see also Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp. 986, 1003 (E.D.N.Y.1995) (permitting leave to replead where court could "not determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord,*

8

*Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at \*1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

In this case, it is conceivable that plaintiff could amend his filings to include a cognizable cause of action. Accordingly, I recommend that leave to amend be granted.

If plaintiff chooses to file an amended complaint, he should note that the law in this circuit clearly provides that "'complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.'" *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)); *Pourzandvakil v. Humphry*, No. 94-CV-1594, 1995 WL 316935, at \*7 (N.D.N.Y. May 22, 1995) (Pooler, J.). Therefore, in any amended complaint, plaintiff must clearly set forth the facts that give rise to the claims, including the dates, times, and places of the alleged underlying acts, and each individual who committed each alleged wrongful act, and must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, as discussed above. In addition, plaintiff is informed that any such amended complaint will replace the existing complaint, and must be a wholly integrated and complete

9

pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (quotation marks omitted)).

III.     SUMMARY, ORDER, AND RECOMMENDATION

Although plaintiff's IFP application is complete and appears sufficient to grant him that status for purposes of litigating this action, the accompanying filings neither include a legal complaint nor otherwise could be liberally construed as asserting a cognizable legal claim. Accordingly, it is hereby

ORDERED that plaintiff's IFP application (Dkt. No. 2) be GRANTED; and it is further respectfully

RECOMMENDED that the complaint in this matter (Dkt. No. 1) be DISMISSED with leave to replead within the thirty days of the date of an order adopting this report.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE

APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated:     November 18, 2016
           Syracuse, New York


David E. Peebles
U.S. Magistrate Judge