**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**SCOTT E. CLEARY,**

                      **Plaintiff,**

    vs.                                           **3:16-cv-01315**
                                                   **(MAD/DEP)**

**LEVI STRAUSS,**

                      **Defendant.**
_____

**APPEARANCES:**                      **OF COUNSEL:**

**SCOTT E. CLEARY**
80 Pratt Avenue
Johnson City, New York 13790
Plaintiff *Pro Se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

On November 3, 2016, Scott E. Cleary ("Plaintiff") commenced this action *pro se* against Levi Strauss ("Defendant"). *See* Dkt. No. 1. Plaintiff filed a series of documents and an application to proceed *in forma pauperis* ("IFP"), but did not clearly identify any of the documents that he filed as a complaint. *See* Dkt. Nos. 1, 2. Generally, Plaintiff's documents relate to an allegation that Defendant Levi Strauss "stole" his patent, identified as "Trouser Safety Pocket – Patent [No.] US 6,374,421" around August of 2001. *See* Dkt. No. 1 at 1. Plaintiff also appears to complain of mail tampering. *See id.*

In a November 18, 2016 Report, Recommendation, and Order, Magistrate Judge David E. Peebles granted Plaintiff's application to proceed IFP and recommended that Plaintiff's complaint be dismissed with leave to amend. *See* Dkt. No. 4 at 7, 9. Specifically, Magistrate Judge Peebles

found that Plaintiff's submissions provide no clear legal basis upon which he can assert a cognizable cause of action. *See id.* at 7.

When reviewing a complaint under 28 U.S.C. § 1915(e), courts are guided by the applicable requirements of the Federal Rules of Civil Procedure. Rule 8(a) of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8(a) "does not require 'detailed factual allegations,' . . . it demands more than an unadorned" recitation of the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (other citation omitted).

To survive dismissal for failure to state a claim, a party need only present a claim that is "plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted).

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections to a magistrate judge's report, the district

court engages in *de novo* review of the issues raised in the objections. *See id.*; *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008). When a party fails to make specific objections, the court reviews the magistrate judge's report for clear error. *See Farid*, 554 F. Supp. 2d at 307; *see also Gamble v. Barnhart*, No. 02-CV-1126, 2004 WL 2725126, *1 (S.D.N.Y. Nov. 29, 2004). Plaintiff has not filed objections in this case.

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

In the present matter, Magistrate Judge Peebles correctly determined that Plaintiff's submissions do not satisfy either the requirements of Rule 8 of the Federal Rules of Civil Procedure or the pleading requirements articulated by the Supreme Court in *Twombly* and *Iqbal*. The documents Plaintiff submitted include: (1) a letter addressed to "The San Juan Star"; (2) a letter addressed to Plaintiff from then-New York Senator Hillary Clinton; (3) copies of postal mail receipts; (4) a copy of the first page of U.S. Patent No. 6,374,421; (5) a copy of an

3

advertisement for men's Dockers pants; (6) a letter addressed to Plaintiff from Defendant Levi Strauss' consumer relations specialist; (7) a news article dated March 30, 2007; and (8) a letter that Plaintiff wrote dated April 2, 2005. *See id.* at 1-10. Plaintiff neither filed a complaint nor distinctly asserted any legal claim in any of his submitted documents. *See id*. Even construing Plaintiff's submissions liberally, none of his documents sufficiently state a claim upon which relief can be granted. Therefore, Plaintiff's complaint is dismissed.

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without "'granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). "'[T]he district court has discretion whether or not to grant leave to amend, and its decision is not subject to review on appeal except for abuse of discretion.'" *Shomo v. New York*, 374 Fed. Appx. 180, 182 (2d Cir. 2010) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)). An opportunity to amend is not required where "the problem with [plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted). As the Second Circuit has explained, "[w]here it appears that granting leave to amend is unlikely to be productive . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (citations omitted).

Here, Magistrate Judge Peebles correctly determined that Plaintiff could conceivably amend his filings to state a cognizable cause of action. *See* Dkt. No. 4 at 9. Therefore, leave to amend is granted, and any amended complaint must be filed within thirty days of this Order.

4

Having carefully reviewed Magistrate Judge Peebles' Report, Recommendation, and Order, Plaintiff's submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge David E. Peebles' November 18, 2016 Report, Recommendation, and Order is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED without prejudice**; and the Court further

**ORDERS** that any amended complaint must be filed within **THIRTY (30) DAYS** from the date of this Order;[1] and the Court further

**ORDERS** that if Plaintiff fails to file an amended complaint within **THIRTY (30) DAYS** from the date of this Order, the Clerk of the Court shall enter judgment in Defendant's favor and close this case, without any additional action by this Court; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 27, 2017
      Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

[1] Any amended complaint must be a complete pleading that supercedes the original complaint in all respects and does not incorporate by reference any portion of the original complaint. Moreover, Plaintiff must comply with Rules 8(a) and 10(b) of the Federal Rules of Civil Procedure, which require, among other things, that the amended complaint contain a short and plain statement of each claim showing that Plaintiff is entitled to relief and that the claims be stated concisely in numbered paragraphs.